**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS OSTLY, | No. 23-16000 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-08955-EMC |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; CHESA BOUDIN, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted August 14, 2024
San Francisco, California

Before: GRABER, CALLAHAN, and KOH, Circuit Judges.
Partial Dissent and Partial Concurrence by Judge CALLAHAN.

Plaintiff Thomas Ostly worked in an at-will capacity as an Assistant District

Attorney for the San Francisco District Attorney's Office from 2014 until his

termination in 2020.  Plaintiff brought this action against Defendants, the City and

County of San Francisco and former District Attorney Chesa Boudin, alleging

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claims of First Amendment retaliation; violation of due process; and age-related discrimination, retaliation, and harassment in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940. In this timely appeal, Plaintiff challenges the district court's grant of summary judgment to Defendants. Reviewing de novo, Scalia v. Emp. Sols. Staffing Grp., LLC, 951 F.3d 1097, 1101 (9th Cir. 2020), we affirm.

1. The district court did not err by granting summary judgment for Defendants on Plaintiff's First Amendment retaliation claims. Assuming, without deciding, that the First Amendment protects Plaintiff's identified instances of speech and petitioning, the retaliation claims fail because Plaintiff offered no credible evidence of causation. See Barone v. City of Springfield, 902 F.3d 1091, 1098 (9th Cir. 2018) (explaining that, to establish a prima facie case of First Amendment retaliation, a plaintiff must show that "the relevant speech was a substantial or motivating factor in the adverse employment action").

Boudin's declaration stated that he did not recall being aware of Plaintiff's complaints concerning the San Francisco Public Defender's Office or Plaintiff's public records requests. Boudin cited several reasons unrelated to Plaintiff's allegedly protected speech for Boudin's decision to release Plaintiff, including courtroom interactions with Plaintiff and complaints received about Plaintiff from third parties. Plaintiff has proffered no evidence to contradict that declaration by

2

reasonable inference. See Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 750–51 (9th Cir. 2001) (affirming summary judgment because no evidence contradicted the defendant's declaration that he was unaware of protected speech and, therefore, there was no evidence that the speech was a motivating factor). To the contrary, the evidence on which Plaintiff relies lacks any nexus to the relevant speech. For instance, Plaintiff argues that an email circulated within the Public Defender's Office supports his contention that Boudin knew about Plaintiff's reports to the press and to the California State Bar. But that email discusses a lawsuit regarding Plaintiff's conduct at a prior law firm that predated the earliest instance of Plaintiff's allegedly protected speech and makes no mention of either the press or the State Bar. Similarly, the *SF Chronicle* article on which Plaintiff relies describes only sources of information other than Plaintiff.

Plaintiff asks us to overlook the lack of nexus and hold that circumstantial evidence undercuts Boudin's declaration, which in turn establishes that Boudin knew about Plaintiff's speech. Arriving at that conclusion requires a series of inferential leaps that are impermissibly speculative. To infer from an unrelated email that Boudin may have been aware of Plaintiff's reports to the *SF Chronicle*, when nothing in the record supports that Boudin even read the *SF Chronicle* in general or the particular article, is to engage in "sheer speculation" in the face of Boudin's sworn statement. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995)

3

(holding that it was "sheer speculation" to assume that a defendant was aware of protected speech when insufficient evidence supported that there was actual awareness, particularly when the record contained sworn assertions to the contrary). Moreover, Plaintiff's inferential leaps rely on his assumptions about communications among and between individual Assistant Public Defenders. Nothing in the record suggests that Plaintiff, an Assistant District Attorney, had any way to know what was discussed within the Public Defender's Office, a separate department of City government. To create a genuine issue of material fact, Plaintiff must show more than "some 'metaphysical doubt' as to the material facts at issue," which he has not done here. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted); see Schowengerdt v. United States, 944 F.2d 483, 489 (9th Cir. 1991) (ruling that allegations based on "inference and speculation" are insufficient to defeat summary judgment).

2. The district court did not err by granting summary judgment for Defendants on Plaintiff's due process claim. Plaintiff was covered by a collective bargaining agreement, which provided a grievance procedure that he could have used to challenge the termination of his indemnification agreement. Although the record does not reveal the details of that procedure, Plaintiff provides neither evidence nor argument that the procedure was insufficient. His procedural due process claim therefore fails. See Portman v. County of Santa Clara, 995 F.2d 898,

4

904 (9th Cir. 1993) (stating that a "lack of process" is required to establish a procedural due process claim).

3. The district court did not err by granting summary judgment for Defendants on Plaintiff's age-related discrimination, retaliation, and harassment FEHA claims. On appeal, Plaintiff challenges only the district court's ruling on his FEHA discrimination claim, but he presents no evidence of his age, the age of his replacement, or age-related animus motivating Boudin to fire him. See Guz v. Bechtel Nat'l Inc., 8 P.3d 1089, 1113 (Cal. 2000) (stating that "the most patently meritless claims" of age discrimination under FEHA are eliminated when a plaintiff fails to establish a prima facie case).

**AFFIRMED.**



***Thomas Ostly v. City and County of San Francisco, et al.*, No. 23-16000**

CALLAHAN, Circuit Judge, dissenting in part and concurring in part:

I agree with my colleagues that summary judgment was properly granted on Mr. Ostly's due process and FEHA claims. I cannot say the same for his First Amendment retaliation claims.

During his time as a criminal prosecutor for the City and County of San Francisco, Mr. Ostly engaged in various forms of whistleblowing speech and petitioning related to his concerns that Assistant Public Defenders were acting unethically by (1) not conveying all plea deal offers to their clients and (2) filing retaliatory unfounded California State Bar complaints against Assistant District Attorneys, like himself, who zealously prosecuted their cases. Speech alerting others about suspected misconduct by public employees often merits First Amendment protection; and the majority avoids the district court's questionable conclusion that none of Mr. Ostly's speech warranted constitutional protection.

The majority rejects Mr. Ostly's First Amendment retaliation claims solely because, in its view, he offered "no credible evidence" that his speech was "a substantial or motivating factor" for his termination. *Barone v. City of Springfield*, 902 F.3d 1091, 1098 (9th Cir. 2018). "As with proof of motive in other contexts, this element of a First Amendment retaliation suit may be met with either direct or circumstantial evidence and involves questions of fact that normally should be left

1

for trial." *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 979 (9th Cir. 2002) (citation omitted); *see Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009) ("This third step is purely a question of fact."). Because Mr. Ostly presented sufficient circumstantial evidence that Mr. Boudin fired him because of his past campaigns against Mr. Boudin's former colleagues in the Public Defender's Office, the question of motive/causation should have been left to the jury—not decided by the district court, or this panel of judges.

The majority relies primarily on a passage from Mr. Boudin's declaration that states: "I do not recall being aware of these alleged complaints regarding the San Francisco Public Defender's Office and/or Mr. Ostly's public record requests prior to releasing Mr. Ostly." The majority takes this to mean that Mr. Boudin was unaware of any instances of Mr. Ostly's protected speech. But the "alleged complaints" to which Mr. Boudin refers are only Mr. Ostly's "supposed complaints regarding [the Public Defender's] Office's filing of complaints with the California State Bar" against prosecutors. His declaration does not expressly disclaim knowledge of Mr. Ostly's earlier speech—to the press and to the State Bar—regarding public defenders not conveying settlement offers.

Moreover, there is circumstantial evidence in this record contradicting Mr. Boudin's self-serving disclaimer. Mr. Ostly averred that "it was publicly known that [he] whistle blew against [his] fellow City employees," and that due to the

2

constant overlap between prosecutors and defenders working criminal cases, "gossip about the people working at the Hall of Justice spread quickly and it was not uncommon to hear about cases, verdicts and personal interactions from multiple sources." The record reflects that Mr. Ostly was a frequent subject of communications within the Public Defender's Office, and even a target of that office. "In May of 2019 [Mr. Ostly] was informed by multiple City employees that emails had been sent within the public defender department asking people to come forward and complain about [him]," and these "disparaging e-mails" were sent to "all public defender employees." The previous month, an Assistant Public Defender sent an office-wide email stating that many in the office knew Mr. Ostly as a "horrible human being" and sharing disparaging details of his previous employment.

Of course, none of these pieces of evidence standing alone would be enough to prove Mr. Boudin carried over from his public defender days a retaliatory animus toward Mr. Ostly. But the totality of the circumstances is enough to create a genuine dispute of material fact as to Mr. Boudin's motive—sufficient to deny summary judgment and leave that question of fact for the fact finder.

3